PER CURIAM.
The plaintiffs, Jane Doe and Baby Jane Doe, appeal from an order granting final summary judgment in favor of American Lawyer Media, L.P., d/b/a The Miami Review and Time Warner, Inc. [hereinafter referred to as “the newspaper”]. We affirm.
Doe filed a complaint against the newspaper alleging that the newspaper published her real name as a party to a paternity action in violation of section 742.09, Florida Statutes (1991), and thereby violated her right to privacy. On February 24, 1992, the newspaper had published in a section listing all new civil actions filed, Doe’s real name, the name of the alleged father, the case number and the case category. Doe filed the underlying paternity action in her true name rather than a fictitious name and did not move to seal the paternity file until one month after the instant action was filed. The trial court denied the newspaper’s motion to dismiss. In its answer, the newspaper stated that it obtained this information from court documents obtained from the Clerk of the Dade County Circuit Court. The trial court granted the newspaper’s motion for summary judgment. The plaintiffs appealed.
The issue in this case is whether the right of privacy protects against the publication of the names of the parties to a paternity action even though this information is obtained from public court records. A similar issue was addressed by the Supreme Court in Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975), when it was asked to decide whether a broadcasting company could be held liable for reporting, in contravention of Georgia statute, the name of a rape victim where the information was obtained from judicial records.
In Cox, 420 U.S. at 469, 95 S.Ct. 1029, 43 L.Ed.2d 328, the Supreme Court ruled that “[o]nce true information is disclosed in public court documents open to public inspection, the press cannot be sanctioned for publishing it.” Based on the reasoning in Cox, we hereby affirm the final summary judgment entered in the instant case in favor of the newspaper. See also Heath v. Playboy Enters., Inc., 732 F.Supp. 1145 (S.D.Fla.1990); Woodard v. Sunbeam, Television Corp., 616 So.2d 501 (Fla. 3d DCA 1993); Doe v. Sarasota-Bradenton Fla. Television Co., Inc., 436 So.2d 328 (Fla. 2d DCA 1983).