789 So.2d 355 (2001)
John Charles HEEKIN, Appellant,
v.
CBS BROADCASTING, INC., a New York corporation, f/n/a CBS, Inc. and Columbia Broadcasting System, Inc., Appellee.
No. 2D00-1541.
District Court of Appeal of Florida, Second District.
February 16, 2001.
*357 Robert E. Turffs, Sarasota, for Appellant.
David M. Snyder of David M. Snyder, P.A., Tampa; Lee Levine and Ashley I. Kissinger of Levine Sullivan & Koch, L.L.P. Washington, DC; and Susanna M. Lowry, New York, NY, for Appellee.
PARKER, Acting Chief Judge.
John Charles Heekin challenges the trial court's order dismissing his suit for false light invasion of privacy against CBS Broadcasting, Inc. (CBS). The trial court dismissed Heekin's complaint with prejudice on two grounds and granted summary judgment on another ground. Because we find that the motion to dismiss was improperly granted and entry of summary judgment was improper based on the record before the trial court, we reverse.
On April 29, 1999, Heekin sued CBS for false light invasion of privacy based on the April 30, 1995, broadcast of a 60 Minutes segment concerning domestic violence. From what we can discern from the limited record before us, this segment apparently featured stories concerning how the court system deals with the problem of domestic violence. According to Heekin's complaint, the broadcast at issue named Heekin and included an interview with Heekin's former spouse and pictures of her with their children. The interview with the former Mrs. Heekin was aired in juxtaposition to stories and pictures of women who had been abused, battered, and killed by their domestic partners. Heekin's complaint alleged that the specific facts about Heekin contained in the broadcast were true, but that the juxtaposition of these facts with the other stories created the false impression that Heekin had abused and battered his wife and children.
In response to Heekin's complaint, CBS filed a motion to dismiss and/or motion for summary judgment. In its motion, CBS alleged that Heekin's action was barred by the two-year statute of limitations; that Heekin had failed to state a cause of action for false light invasion of privacy because he had not alleged that the information in the broadcast was false or that CBS had acted in reckless disregard of the truth; and that CBS could not be held liable for invasion of privacy because Florida's fair reporting privilege barred such an action when the broadcast simply aired facts already contained in public records. The trial court granted CBS's motion to dismiss on the first two grounds and its motion for summary judgment on the third. This appeal followed.

STATUTE OF LIMITATIONS
The parties do not dispute that the tort of invasion of privacy is not specifically named in any subsection of section 95.11, Florida Statutes (1999). Therefore, the statute of limitations for this cause of action is four years. See § 95.11(3)(p), Fla. Stat. (1999) (applying a four-year statute of limitations to all actions "not specifically provided for in these statutes"). Despite this, the trial court dismissed Heekin's complaint with prejudice based on the two-year statute of limitations for libel and slander actions contained in section 95.11(4)(g), Florida Statutes (1999), because it found that the gravamen of Heekin's claim for false light invasion of privacy was the same as a claim for libel or slander. We disagree with this reasoning.
In Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1944), the supreme court recognized the tort of invasion of privacy as a distinct cause of action. The court held that neither the truth of the information published nor the absence of malicious motives in its publication is a defense to an action for invasion of privacy. Id. at 252. *358 Further, in an action for invasion of privacy, the plaintiff is not required to plead or prove special damages. Id. The elimination of several well-recognized defenses to libel and slander actions and the change in the burden of proof on damages make it clear that invasion of privacy is a separate cause of action from libel and slander.
More recently, the supreme court noted that there are four types of wrongful conduct that can be remedied through an action for invasion of privacy. See Agency for Health Care Admin. v. Associated Indus. of Fla., Inc., 678 So.2d 1239, 1252 n. 20 (Fla.1996). These are:
(1) appropriationthe unauthorized use of a person's name or likeness to obtain some benefit; (2) intrusionphysically or electronically intruding into one's private quarters; (3) public disclosure of private factsthe dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye publication of facts which place a person in a false light even though the facts themselves may not be defamatory.
Id. In considering the four types of invasion of privacy, it becomes clear that invasion of privacy is a separate and distinct cause of action from libel or slander. Three of the four types of invasion of privacy do not reference any type of false information or defamation. Only false light invasion of privacy contemplates any issue of falsehood; and even then, the tort may exist when the facts published are completely true. Id. Since no defamation is required to prosecute an action for invasion of privacy, the statute of limitations for defamation actions does not apply to invasion of privacy actions.
Our decision is supported by the two appellate courts in this state that have addressed the issue of the statute of limitations for invasion of privacy actions. Both of those courts applied the four-year "catch-all" statute of limitations to invasion of privacy actions. See Putnam Berkley Group, Inc. v. Dinin, 734 So.2d 532, 533 (Fla. 4th DCA 1999); Houston v. Florida-Georgia Television Co., 192 So.2d 540, 542 (Fla. 1st DCA 1966). In both cases, the courts held that because the tort of invasion of privacy is not specifically listed in Chapter 95, Florida Statutes, the four-year "catch-all" statute of limitations applied to the cause of action. See Putnam, 734 So.2d at 536; Houston, 192 So.2d at 542. We agree and hold that the four-year statute of limitations provided for in section 95.11(3)(p) applies to all causes of action for invasion of privacy.
We do, however, recognize one exception to this general rule. When a plaintiff has a cause of action for libel or slander and alleges a claim for false light invasion of privacy based on the publication of the same false facts, the false light invasion of privacy action is barred by the two-year statute of limitations. See Ovadia v. Bloom, 756 So.2d 137 (Fla. 3d DCA 2000); Schwab v. Television 12 of Jacksonville, Inc., No. 91-07031, 21 Media L. Rep. 1157, 1993 WL 169181 (Fla. 4th Cir.Ct. Jan. 11, 1993); Hamilton Byrne v. Weekly World News, Inc., No. CL91-10956 (Fla. 15th Cir.Ct. Apr. 28, 1992). A plaintiff may not avoid the two-year statute of limitations for defamation actions by simply renaming the defamation action as one for false light invasion of privacy. In this case, however, Heekin has alleged that the publication of truthful, nondefamatory facts was done in such a manner as to cast him in a false light in the public eye. Thus, Heekin does not have a libel or slander action that he has simply renamed as an action for false light invasion of privacy. Because the allegations of Heekin's complaint do not fall within this exception, the trial court erred in applying *359 the two-year statute of limitations to Heekin's action and in dismissing his complaint on that ground.

FAILURE TO STATE A CAUSE OF ACTION
In the alternative, the trial court dismissed Heekin's action with prejudice because it found that Heekin had failed to state a cause of action for false light invasion of privacy because he failed to allege that CBS aired the broadcast with knowledge of its falsity or in reckless disregard for the truth. The trial court erred in dismissing Heekin's complaint on this basis because neither knowledge of the falsity of the information nor reckless disregard for its truth is an element of a cause of action for false light invasion of privacy. See Cason, 20 So.2d at 252 (holding that neither the truth of the information published nor the absence of malicious motives in publishing the information is a defense to an action for invasion of privacy).
CBS relies on Time, Inc. v. Hill, 385 U.S. 374, 387-88, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967), to argue that constitutional protections for the press forbid claims for "false reports of matters of public interest in the absence of proof that the defendant published the report with knowledge of its falsity or in reckless disregard of the truth." However, Time is inapplicable to this case for two reasons. First, Time involved allegations by a limited public figure that the publication of false facts about his family portrayed them in a false light-thus, the action was essentially one for defamation. The Time analysis does not apply to Heekin's action, which involves allegations by a private plaintiff that the publication of true facts portrayed him in a false light. Second, the issue in Time was whether New York's right to privacy statute, which created a statutory cause of action for misappropriation of a plaintiff's likeness, was unconstitutional as applied to actions against the press. Given that the case dealt with the interpretation and application of a New York misappropriation statute, the holding and analysis of Time is of questionable applicability to Heekin's false light claim under Florida common law.
Even if knowledge of falsity or reckless disregard for the truth were elements to be pleaded and proved, Heekin's complaint sufficiently alleges these elements in the context of a false light invasion of privacy case. Because a false light invasion of privacy action can be based on truthful information, the question is whether the defendant acted with knowledge of the false light in which the plaintiff would be cast or in reckless disregard of such false light. Heekin's complaint alleges that CBS aired the broadcast with actual knowledge of or in reckless disregard for "the effect the broadcast would have." This allegation is sufficient under the facts of this case. Therefore, the trial court erred in dismissing Heekin's complaint with prejudice on this basis.

FAIR REPORTING PRIVILEGE
Finally, the trial court granted CBS's motion for summary judgment based on its finding that CBS could not be held liable as a matter of law because Florida's fair reporting privilege barred an action for invasion of privacy based on the broadcast of information contained in public records. This judgment is incorrect for two reasons.
First, Heekin does not allege a cause of action for invasion of privacy based on public disclosure of private facts. If he had, CBS would be correct that the action was barred because the allegedly private information was contained in public records. See, e.g., Woodard v. Sunbeam Television *360 Corp., 616 So.2d 501 (Fla. 3d DCA 1993). In this case, however, Heekin alleges a cause of action for false light invasion of privacy. This cause of action is grounded on the defendant's use of the information, not its source. Therefore, the fair reporting privilege does not bar the action as a matter of law.
Second, to the extent that the privilege might apply to those portions of the broadcast taken from court records, the trial court had no evidence in the record from which to find that the privilege barred the action. CBS admits that Florida's fair reporting privilege extends to the publication of information contained in public records only if the broadcast is a "reasonably accurate and fair" description of the contents of the records. See Woodard, 616 So.2d at 502; Ortega v. Post-Newsweek Stations, Fla., Inc., 510 So.2d 972 (Fla. 3d DCA 1987). In this case, there is nothing in the record to indicate that the trial court compared the broadcast at issue with the public records and found the broadcast to be an accurate description of the records as a matter of law. Cf. Stewart v. Sun Sentinel Co., 695 So.2d 360 (Fla. 4th DCA 1997) (affirming summary judgment in favor of the press because the trial court compared the publication at issue with the public records and found the publication to be an accurate and fair reflection of the contents of the public records). In fact, there is no indication in the record on appeal that either party has yet made the broadcast part of the trial record. Moreover, the interview with Heekin's spouse and any narrative by the CBS correspondent relating to the interview are not public records. The fair reporting privilege would not apply to these portions of the broadcast. Therefore, the trial court erred in finding on this record that CBS was entitled to judgment in its favor as a matter of law based on the fair reporting privilege.
Reversed and remanded.
SALCINES, J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.