980 So.2d 1085 (2007)
Glenn F. STRAUB, Appellant,
v.
LEHTINEN, VARGAS & RIEDI, P.A. and Claudio Riedi, Esq., Appellees.
No. 4D07-972.
District Court of Appeal of Florida, Fourth District.
December 19, 2007.
*1086 Larry A. Zink of Zink, Zink & Zink CO., LPA, Hillsboro Beach, for appellant.
Shelley H. Leinicke of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Fort Lauderdale, for appellees.
MAY, J.
The plaintiff appeals a final order dismissing with prejudice his second amended complaint for false light invasion of privacy. He argues the trial court erred in dismissing the complaint because it contained sufficient allegations to state a cause of action. We agree and reverse.
After twice amending his complaint, the plaintiff alleged that he was damaged by the defendants' knowing and malicious release of a "Press Advisory" to at least five news organizations. According to the allegations, the "Press Advisory" contained false, erroneous, and misleading statements about the plaintiff regarding recently concluded litigation. The headline of the advisory read "South Carolina Bankruptcy Court Rules Against Glenn Straub."
The second amended complaint alleged that despite the fact that the bankruptcy court had not entered a personal judgment or mandate against the plaintiff, the "Press Advisory" implied that he, Palm Beach Polo Holdings, Inc., and related entities were parties to the litigation and subject to the bankruptcy court's order. The plaintiff alleged the statements were false because neither he nor Palm Beach Polo Holdings, Inc. was a party to the litigation and because he did not own shares of stock in either Palm Beach Polo Holdings, Inc, or Palm Beach Polo, Inc.
The defendants moved to dismiss the second amended complaint for failure to state a claim. The motion argued that because the "Press Advisory" did not contain any false private facts or any substantially or materially false or offensive statements, they were not actionable. The motion further asserted that the defendants had not acted knowingly or in reckless disregard of the falsity of the statements. The trial court granted the motion to dismiss.
We review orders on motions to dismiss de novo. Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734 (Fla.2002). A motion to dismiss admits all well-pled facts and inferences in the light most favorable to the non-moving party. Ingalsbe v. Stewart Agency, Inc., 869 So.2d 30, 34 (Fla. 4th DCA 2004).
A claim for false light invasion of privacy involves the publication of facts which place a person in a false light even though the facts themselves may not be defamatory. Rapp v. Jews for Jesus, Inc., 944 So.2d 460, 467 (Fla. 4th DCA 2006) (quoting Allstate Ins. Co. v. Ginsberg, 863 So.2d 156, 162 (Fla.2003)). It is one of four recognized claims in the area of invasion of privacy. Id. A person is liable when he or she publicizes a matter involving another in a false light where it would be highly offensive to the reasonable person. Id. at 467-68 (citing Restatement (Second) of Torts § 652E (1977)).
A false light claim can be "based on the publication of false facts or the publication of true facts that are stated in such a way as to create a false impression." Gannett Co. v. Anderson, 947 So.2d 1, 8 (Fla. 1st DCA 2006). The "essence of the *1087 claim" is "the falsity of what the publication communicates." Id.
Here, the second amended complaint not only alleged that the "Press Advisory" placed the plaintiff in a false light, but that it contained false, erroneous, and misleading information, the falsity of which the defendants were aware at the time they published it. Thus, the second amended complaint sufficiently alleged the elements of a cause of action for false light invasion of privacy under Florida law.
Nevertheless, the defendants argue that because the "Press Advisory" attached to the second amended complaint referred to the bankruptcy court's order, the trial court could properly decide that the statements were not substantially false and that the advisory was protected by the "fair reporting privilege." Specifically, the defendants suggest that the statements in the "Press Advisory" accurately described the bankruptcy court's order and other litigation involving the Village of Wellington. This argument fails for two reasons.
First, Florida law restricts the trial court to the complaint and attached documents. See, e.g., Rapp, 944 So.2d at 462 (citing Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999)). Consideration of the wording in the bankruptcy court's order required the trial court to go beyond the four corners of the plaintiff's second amended complaint as the bankruptcy court's order simply was not attached to the plaintiff's second amended complaint. Reference to the order is not the same as the order being attached.
Second, without consideration of the bankruptcy court's order, the trial court could not apply the "fair reporting privilege." Thus, it could not have been a basis for the dismissal of the second amended complaint. Heekin v. CBS Broad. Inc., 789 So.2d 355 (Fla. 2nd DCA 2001).
For these reasons, we reverse the dismissal and remand the case to the trial court for reinstatement of the plaintiff's second amended complaint. We note that this court has previously questioned the vitality of a claim for false light invasion of privacy. See Rapp, 944 So.2d at 468. We join in certifying the following question to the Supreme Court of Florida as one of great public importance: "Does Florida recognize the tort of false light invasion of privacy, and if so, are the elements of the tort set forth in section 652E of Restatement (Second) of Torts?"
Reversed and Remanded.
STONE, J., and TUTER, JACK, Associate Judge, concur.