994 So.2d 1048 (2008)
Joe ANDERSON, Jr., Petitioner,
v.
GANNETT COMPANY, INC., et al., Respondents.
No. SC06-2174.
Supreme Court of Florida.
October 23, 2008.
*1049 Bruce S. Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, FL, Beverly Pohl of Broad and Cassel, Fort Lauderdale, FL, and Willie E. Gary, Phyllis Gillespie, and Tricia Purks Hoffler of Gary, Williams, Parenti, Finney, Lewis, McManus, Watson, and Sperando, Stuart, FL, for Petitioner.
Robert C. Bernius of Nixon Peabody, L.L.P., Washington, D.C., Dennis K. Larry and Donald H. Partington of Clark, Partington, Hart, Larry, Bond and Stackhouse, Pensacola, FL, for Respondent.
Gregg D. Thomas, James J. McGuire, James B. Lake, and Rachel E. Fugate of Thomas and Locicero, P.L., Tampa, FL, on behalf of Media General Operations, Inc., The New York Times Company, Orlando Sentinel Communications Company, Sun-Sentinel Company, the Florida Press Association, ABC, Inc., ESPN, Inc., the E.W. Scripps Company, the Association of American Publishers, and Cox Enterprises, Inc. (collectively the Florida Media Organizations); and Jonathan D. Kaney, Jr., and Jonathan D. Kaney, III of Cobb and Cole, Daytona Beach, FL, and Jon Mills and Timothy McLendon, Gainesville, FL, on behalf of First Amendment Foundation, as Amici Curiae.
PARIENTE, J.
This case is before the Court for review of the decision of the First District Court of Appeal in Gannett Co. v. Anderson, 947 So.2d 1 (Fla. 1st DCA 2006). In its decision, the district court ruled upon the following question, which the court certified to be of great public importance:
Is an action for invasion of privacy based on the false light theory governed by the two-year statute of limitations that applies to defamation claims or by the four-year statute that applies to unspecified tort claims?
Id. at 11. The First District concluded that the two-year statute of limitations for *1050 defamation applied to false light, reversed the judgment for the plaintiff on the false light cause of action, and certified conflict with Heekin v. CBS Broadcasting, Inc., 789 So.2d 355 (Fla. 2d DCA 2001), which held that false light invasion of privacy was governed by the four-year statute of limitations for unspecified torts.[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Although the First District questioned the validity of false light, the certified question is predicated upon the existence of such a cause of action. At the time of its decision, the First District did not have benefit of our decision in Jews for Jesus v. Rapp, No. SC06-2491, ___ So.2d ___, 2008 WL 4659374 (Fla. Oct. 23, 2008), in which we addressed the following question certified by the Fourth District:
Does Florida recognize the tort of false light invasion of privacy, and if so, are the elements of the tort set forth in section 652E of Restatement (Second) of Torts?
Id. at ____, 2008 WL 4659374, at *1.[2] We answered the question in the negative, concluding that Florida does not recognize the tort of false light "because the benefit of recognizing the tort, which only offers a distinct remedy in relatively few unique situations, is outweighed by the danger in unreasonably impeding constitutionally protected speech." Id. at ___, 2008 WL 4659374, at *13.
Because we declined to recognize the tort of false light, our analysis of the applicable statute of limitations in this case is unnecessary and moot. However, Anderson received a jury verdict based on false light and asserted in his amicus brief in Rapp that we cannot retroactively abolish the cause of action. Cf. Warren v. State Farm Mut. Auto. Ins. Co., 899 So.2d 1090, 1097 (Fla.2005) (stating that a statute is unconstitutional if it abolishes a cause of action that was provided for at common law without providing a reasonable alternative, absent an "overpowering public necessity," quoting Kluger v. White, 281 So.2d 1, 4 (Fla.1973)); Village of El Portal v. City of Miami Shores, 362 So.2d 275, 277 (Fla.1978) (holding that retrospective statutes are unconstitutional "in those cases wherein vested rights are adversely affected or destroyed or when a new obligation or duty is created or imposed") (quoting McCord v. Smith, 43 So.2d 704, 709 (Fla.1950)). Although we acknowledged in Rapp that this Court had previously referred to false light as one of the four common law invasion of privacy torts, we also stated that "none of these cases actually involved a claim of false light and we have never discussed any of the competing policy concerns." Rapp, No. SC06-2491, *1051 ___ So.2d at ___, 2008 WL 4659374, at *3.
We therefore determined in Rapp that the issue of whether false light actually existed in Florida was one of first impression because the tort never existed at common law and any of our statements concerning false light in previous cases were dicta. Unlike cases where a previously recognized common law cause of action was abolished by the Legislature, see Kluger and its progeny, Rapp involved the refusal to recognize a cause of action that never existed at common law. Accordingly, our decision in Rapp did not retroactively abolish a cause of action for false light, but rather concluded that false light should not be recognized as a common law tort.
Because we decided false light was not a viable cause of action in this state, it is not necessary for us to resolve the issue of what would be the applicable statute of limitations and whether any exceptions would apply if the defamation and false light causes of action arose from the same set of facts. We thus decline to answer the certified question. We approve the result of the First District's decision in Anderson, but not the reasoning to the extent it recognized that a cause of action for false light existed. Because Heekin also assumed the existence of a cause of action and discussed the elements, we disapprove of the Second District's decision in Heekin on that basis.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., did not participate.
NOTES
[1] The majority in Heekin assumed the existence of the cause of action and focused instead on the applicable statute of limitations. The court also recognized "one exception to this general rule. When a plaintiff has a cause of action for libel or slander and alleges a claim for false light invasion of privacy based on the publication of the same false facts, the false light invasion of privacy action is barred by the two-year statute of limitations." Heekin, 789 So.2d at 358. On remand, Heekin argued that the broadcast "falsely create[d] the impression" that he was an abuser. The circuit court found the claim barred by the two-year statute of limitations for defamation, relying on the exception enunciated by the Second District Court of Appeal. See Heekin v. CBS Broad., Inc., No. 99-5478-CA, slip op. at 2 (Fla. 12th Cir.Ct. July 7, 2003). The Second District affirmed without opinion. Heekin v. CBS Broad., Inc., 892 So.2d 1027 (Fla. 2d DCA 2004).
[2] We heard oral arguments in this case and Rapp on the same day because the certified questions in the two cases were related. Because the issue of whether false light was a valid cause of action in Florida was outside the scope of the certified question in this case, which solely related to the applicable statute of limitations, we granted Anderson's motion to file an amicus brief in Rapp on this issue.