PER CURIAM.
We have for review Straub v. Lehtinen, Vargas Riedi, P.A., 980 So.2d 1085 (Fla. 4th DCA 2007), in which the Fourth District Court of Appeal recognized the viability of a false light invasion of privacy cause of action but certified the following question as one of great public importance: “Does Florida recognize the tort of false light invasion of privacy, and if so, are the elements of the tort set forth in section 652E of Restatement (Second) of Torts?” Straub, 980 So.2d at 1087. The Fourth District had previously certified the same question in Rapp v. Jews for Jesus, Inc., 944 So.2d 460 (Fla. 4th DCA 2006), quashed, 997 So.2d 1098 (Fla.2008). When the Fourth District issued its decision in Straub, Jews for Jesus was pending review in this Court. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We stayed proceedings in this case pending disposition of Jews for Jesus, in which we ultimately declined to recognize false light as a viable cause of action in this *1188 State, answered the certified question in the negative, and quashed the Fourth District’s underlying Jews for Jesus decision. See Jews for Jesus, Inc. v. Rapp, 997 So.2d 1098, 1115 (Fla.2008). We thus issued an order in the present case directing respondent to show cause why we should not exercise jurisdiction, summarily quash the Fourth District’s Straub decision and remand for reconsideration in light of our decision in Jews for Jesus. Respondent did not respond to that order. We conclude that the Fourth District’s opinion in Straub, in which the Fourth District recognized a cause of action for false light, is inconsistent with this Court’s opinion in Jews for Jesus.
We accordingly grant the petition for review in the present case, quash the decision under review, and remand to the Fourth District for reconsideration in light of this Court’s decision in Jews for Jesus.
It is so ordered.
QUINCE, C.J., and WELLS, PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.