DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDUARDO QUIN IGLESIAS/REAL ASSET MANAGEMENT,**
Appellant,

v.

**ROBERT CREED NORMAN,** a/k/a **BOB NORMAN,**
and **WPLG, INC.,**
Appellees.

No. 4D21-2859

[October 19, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. 18-3816(12).

Eduardo Quin Iglesias, Miami, pro se.

Karen Williams Kammer of Karen Williams Kammer, P.A., and Thomas & LoCicero PL, Fort Lauderdale, for appellees.

PER CURIAM.

We affirm final summary judgment in favor of appellee WPLG on appellant's defamation claim. While the trial court erred in concluding that appellant, an entry level employee with the Department of Business Regulation was a "public official,"[1] nevertheless, the trial court did not err

---

[1] The court relied on *Bishop v. Wometco Enters., Inc.*, 235 So. 2d 759 (Fla. 3d DCA 1970), to conclude that appellant was a public official. In *Bishop*, the defamation plaintiff was employed as an investigator for the City of Miami and investigating the practices or deficiencies of the Tax Assessor's office of Dade County. *Id.* at 760. There, the plaintiff testified at a public hearing before the City Commission and the defamation action was based upon statements about his testimony in a public proceeding. *Id.* This is a far cry from the facts of this case, which does not involve a public proceeding in which the plaintiff became the central figure. This case is more like *Wilkinson v. Florida Adult Care Ass'n, Inc.*, 450 So. 2d 1168 (Fla. 2d DCA 1984), which explained that "a public official designation does not attach simply because one is in government employment." *Id.* at 1171. In *Wilkinson*, an adult congregate living facility ("ACLF") coordinator of the Department of Health and Safety sued a newspaper for defamation in its reporting connecting him with elder abuse after the inspector's visit to ACLF

in concluding that the summary judgment evidence showed that WPLG's reporting involving appellant was substantially true or amounted to non-actionable opinion or hyperbole. *See Smith v. Cuban Am. Nat'l Found.*, 731 So. 2d 702, 707 (Fla. 3d DCA 1999) ("[F]alsity only exists if the publication is substantially and materially false, not just if it is technically false."); *Woodard v. Sunbeam Television Corp.*, 616 So. 2d 501, 502–03 (Fla. 3d DCA 1993); *see also Readon v. WPLG, LLC,* 317 So. 3d 1229, 1234–35 (Fla. 3d DCA 2021) ("Under the substantial truth doctrine, a statement does not have to be perfectly accurate if the 'gist' or the 'sting' of the statement is true . . . Florida law recognizes a difference between statements presented as fact and statements presented as an opinion or rhetorical hyperbole.").

*Affirmed.*

WARNER, CIKLIN and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

facilities. 450 So. 2d at 1173. The court held that the inspector was not a public official. Moreover, there was no public controversy into which the plaintiff in *Wilkinson* had injected himself, unlike the employee in *Bishop.*