734 So.2d 532 (1999)
The PUTNAM BERKLEY GROUP, INC., a New York Corporation; Tiffany Photographic, Inc., a Florida corporation; and Robert Hurth and Sheila Hurth, Appellants,
v.
Jacqueline Porzio DININ and Bart Dinin, Appellees.
Nos. 98-1491, 98-1492.
District Court of Appeal of Florida, Fourth District.
May 26, 1999.
Christopher K. Kay and Michael J. Furbush of Kay, Gronek & Latham, LLP, Orlando, for appellant The Putnam Berkley Group, Inc.
John P. Kelly and Meenu T. Sasser of Gunster Yoakley Valdes-Fauli & Stewart, Fort Lauderdale, for appellant Tiffany Photographic, Inc., Robert Hurth and Sheila Hurth.
David S. Oliver of Greenberg Traurig, P.A., Orlando, for appellee Jacqueline Porzio Dinin.
FARMER, J.
A woman who was the subject of a photograph first published in a book in Florida in 1988 later sued the photographer and the publisher in 1995 for damages for unauthorized publication.[1] The trial judge denied a summary judgment on the statute of limitations, and the case proceeded to trial, resulting in a jury verdict awarding *533 her damages on her claims.[2] We reverse the final judgment because the claims are barred by the statutes of limitations.
The general Florida statute of limitations bars actions founded on a statutory liability and most tort actions if they are not commenced within 4 years of the time the cause of action accrued,[3],[4] but provides for a delay of the running of the limitations period until discovery where the cause of action is for products liability or fraud.[5] Another provision of the statutes states that a cause of action founded upon a single publication for damages "for libel or slander, invasion of privacy, or any other tort founded upon any single publication" [e.s.] accrues at the time of the first publication in this state.[6] Applying the plain meaning of these statutory provisions, plaintiffs' claims became time-barred 4 years after the first publication in Florida.
Because their statutory claim was based on section 540.08,[7] as distinguished from a claim based on the common law of defamation, plaintiffs argue, it did not accrue until they discovered the unauthorized 1988 publication many years later, in 1995. Unfortunately their argument is not supported by any statutory text.
In Federal Insurance Company v. Southwest Florida Retirement Center, 707 So.2d 1119, 1122 (Fla.1998), the court said that "when construing statutes of limitations, courts generally will not write in exceptions when the legislature has not," citing its recent opinion in Fulton County Administrator v. Sullivan, 22 Fla. L. Weekly S578-79, ___ So.2d ___, 1997 WL 589312 (Fla. Sept. 25, 1997).[8]Sullivan involved an attempt to avoid a statute of limitations by showing that the tortfeasor had fraudulently concealed his wrong and thus the fact of the accrual of the cause of action. Because earlier decisions of the court had apparently approved a common law fraudulent concealment avoidance of a limitations bar, the court explained why that particular judge-made rule was no longer available:

*534 "we find that by enacting section 95.051 in 1975, the legislature specifically set forth the limited circumstances which will toll the statute of limitations. Since fraudulent concealment of the identity of the tortfeasor is not an enumerated circumstance, we find that in this case, to be timely, the wrongful death action should have been filed within two years of the death of the decedent. We are bound by the legislature's enactment, and therefore we approve the decision in this case which reverses the judgment against respondent."
___ So.2d at ___, 1997 WL 589312, at 2.
The court then traced the use of the "fraudulent concealment" avoidance in several earlier cases, but ultimately explained:
"However, in 1974, the legislature enacted section 95.051, Florida Statutes, see ch. 74-382, § 4, Laws of Fla., in which it enumerated several bases for tolling the statute of limitations, including defendant's use of a false name or concealment in Florida to avoid service of process. See § 95.051(1)(b)-(c), Fla. Stat. (1975). Notably absent from this list was fraudulent concealment of the identity of the actual tortfeasor. While section 95.11(4)(b) provided a tolling provision for fraudulent concealment of the discovery of the plaintiff's injury in medical malpractice actions, there was no similar tolling provision for wrongful death causes of action. Compare § 95.11(4)(b), Fla. Stat. (1975), with § 95.11(4)(d), Fla. Stat. (1975). Moreover, in section 95.051(2), the legislature stated, `No disability or other reason shall toll the running of any statute of limitations except those specified in this section ... the Florida Probate Code, or the Florida Guardianship Law.' This exclusivity provision is applicable to this action. See § 95.051(2), Fla. Stat. (1985).
"Thus, the issue presented by the certified question is the continued viability of our court-made tolling provision for fraudulent concealment in the face of section 95.051, Florida Statutes (1985). When interpreting a statute, legislative intent is the polestar by which we are guided. See Parker v. State, 406 So.2d 1089 (Fla.1981). This intent is gleaned primarily from the plain language of the statute. See Aetna Cas. & Sur. Co. v. Huntington Nat'l Bank, 609 So.2d 1315 (Fla.1992). When construing statutes of limitations, generally courts will not write in exceptions when the legislature has refused to do so. Carey v. Beyer, 75 So.2d 217 (Fla.1954).
"Given these rules of construction, we find the plain language of section 95.051 does not provide for the tolling of the statute of limitations in cases in which the tortfeasor fraudulently conceals his or her identity. The statute specifically precludes application of any tolling provision not specifically provided for by the legislature. See § 95.051(2), Fla. Stat. (1985). In the face of such clear legislative direction, we are compelled to hold that fraudulent concealment of the identity of a tortfeasor in actions such as the one before us today will not toll the statute of limitations. See Carey; Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla.1952) (`We cannot write into the law any other exception, nor can we create by judicial fiat a reason, or reasons, for tolling the statute since the legislature dealt with such topic and thereby foreclosed judicial enlargement thereof.'); Swartzman v. Harlan, 535 So.2d 605 (Fla. 2d DCA 1988) (finding that under section 95.051(2), Florida Statutes (1987), the court was not able to create an exception to toll the statute of limitations not specifically enumerated by the legislature); In re Southeast Banking Corp., 855 F.Supp. 353 (S.D.Fla.1994), aff'd, 69 F.3d 1539 (1995) (same)." [f.o.]
___ So.2d at ___, 1997 WL 589312, at 3; see also Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan, *535 629 So.2d 113 (Fla.1994) (rejecting judge-made discovery rule in defamation actions and holding that limitations issue is controlled "by the plain language of applicable statutes").
In section 95.031 the legislature has clearly said that "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." [e.s.] The legislature has provided only a few exceptions from this broad rule. For example, subsection (2) of section 95.031 expressly begins the limitations period in product liability and fraud cases from the time of discovery rather than the accrual of the cause of action. Section 95.11(4) begins the running of the statute for professional malpractice from the time of discovery. Finally, section 95.051 tolls the running of the statute in several explicit circumstances, but none of the enumerated circumstances include discovery in a case involving section 540.08. In fact this provision then adds that no other reasons will toll a limitations period.[9]
With those general provisions from the chapter on statutes of limitations, defendants also rely on section 770.07 which provides that certain claims for damages founded on a single publication "shall be deemed to have accrued at the time of the first publication ... in this state." Plaintiff responds that an action for damages under section 540.08 is not one of those specific actions encompassed by section 770.07. We do not agree.
The kinds of actions covered by section 770.07 are expressly given as "libel or slander, invasion of privacy, or any other tort founded upon any single publication...."[10] Plaintiff contends that an action for damages under section 540.08 is not an action for invasion of privacy and thus is not embraced by section 770.07. We note that subsection (6) of section 540.08 states that the "remedies provided for in this section shall be in addition to and not in limitation of the remedies and rights of any person under the common law against the invasion of her or his privacy." If an action for damages under section 540.08 were not reasonably thought of as within the broader term, "invasion of *536 privacy," then subsection (6) would seem to be unnecessary and mere surplusage. In any event, even if the section 540.08 claim was not strictly speaking an action for invasion of privacy, surely it fits within the comprehensive term "any other tort" based upon, as here, a single publication.
Hence, because all of the statutory text points to the necessity to bring a damages claim under section 540.08 within 4 years of accrual of the cause of action, rather than within 4 years of discovery of the fact of publication, we conclude that plaintiffs' statutory claim under section 540.08 was time-barred.
What we have said for the statutory claim applies, of course, with equal force as to the common law invasion of privacy claim against the photographer. See § 95.11(3)(p) ("any action not specifically provided for in these statutes") and § 770.07 (action for invasion of privacy based on publication accrues upon first publication), Fla. Stat. (1997).
It was therefore error for the trial judge to deny defendants' pretrial motion for summary judgment on the statute of limitations issue.
REVERSED.
GUNTHER, J., and HOLMES, ILONA M., Associate Judge, concur.
NOTES
[1] Actually there are two photographer defendants, the Hurths and their corporation, Tiffany.
[2] Two separate theories of liability went to the jury: one based on a violation of section 540.08 and the other based on invasion of privacy. The verdict was in favor of the publisher on the invasion of privacy claim but in favor of plaintiffs on the statutory violation against the publisher and on both claims against the photographer.
[3] § 95.11(3)(f) and (p), Fla. Stat. (1997) ("Actions other than for recovery of real property shall be commenced as follows ... (3) within four years ... (f) an action founded on a statutory liability ... (p) any action not specifically provided for in these statutes.").
[4] § 95.031, Fla. Stat. (1997) ("Except as provided in subsection (2) and in s. 95.051 and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues."). Section 95.051 provides when a limitations period may be tolled, but none of the allowable tolling provisions apply to this action. See fn. 9, below.
[5] § 95.031(2), Fla. Stat. (1997) ("Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.").
[6] § 770.07, Fla. Stat. (1997).
[7] § 540.08(2), Fla. Stat. (1997) ("In the event the consent required in subsection (1) is not obtained, the person whose name, portrait, photograph ... may bring an action to enjoin such unauthorized publication ... and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages.").
[8] We note that the opinion in Sullivan has not yet been published in the Southern Reporter even though, as of the time this opinion is written, more than 18 months have elapsed since it was first released. While the Sullivan opinion is thus not final, that lack of finality did not inhibit the supreme court itself from relying on it in Federal Insurance Company.
[9] Section 95.051, Fla. Stat. (1997), provides that:

(1) The running of the time under any statute of limitations except ss. 95.281, 95.35, and 95.36 is tolled by:
(a) Absence from the state of the person to be sued.
(b) Use by the person to be sued of a false name that is unknown to the person entitled to sue so that process cannot be served on the person to be sued.
(c) Concealment in the state of the person to be sued so that process cannot be served on him or her.
(d) The adjudicated incapacity, before the cause of action accrued, of the person entitled to sue. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.
(e) Voluntary payments by the alleged father of the child in paternity actions during the time of the payments.
(f) The payment of any part of the principal or interest of any obligation or liability founded on a written instrument.
(g) The pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action.
(h) The minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor or incapacitated person, or is adjudicated to be incapacitated to sue; except with respect to the statute of limitations for a claim for medical malpractice as provided in s. 95.11. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.
Paragraphs (a)-(c) shall not apply if service of process or service by publication can be made in a manner sufficient to confer jurisdiction to grant the relief sought. This section shall not be construed to limit the ability of any person to initiate an action within 30 days of the lifting of an automatic stay issued in a bankruptcy action as is provided in 11 U.S.C. s. 108(c).
(2) No disability or other reason shall toll the running of any statute of limitations except those specified in this section, s. 95.091, the Florida Probate Code, or the Florida Guardianship Law.
[10] See § 770.05, Fla. Stat. (1997).