805 So.2d 959 (2001)
Cynthia Goodwin BAUCOM, Appellant,
v.
Thomas F. HAVERTY, an individual, Lisa Anne Haverty, an individual, Home Health Care and Nursing Solutions of Florida, Inc., Medical Cost Control & Management, Inc., and Diagnostic Management Services of Florida, Inc., Appellees.
No. 2D00-4129.
District Court of Appeal of Florida, Second District.
November 21, 2001.
Theresa I. Wigginton of Law Office of Theresa Wigginton, Brandon, for Appellant.
Kennan G. Dandar of Dandar & Dandar, P.A., Tampa, for the Havertys.
*960 WHATLEY, Acting Chief Judge.
Cynthia Goodwin Baucom appeals the final summary judgment entered in favor of the appellees, Thomas Haverty and Lisa Anne Haverty, in which the trial court ruled that Baucom's action was barred by the statute of limitations. We reverse.
In 1988, Baucom suffered severe injuries during a fall at a restaurant. The attorneys she retained to file a lawsuit against the restaurant hired the appellees to prepare a medical assessment and evaluation ("the report") of Baucom for use in the litigation. This report included confidential information gleaned from psychiatric records, as well as photographs of Baucom and various parts of her body. The photographs were marked confidential. They include images of Baucom clad only in her underwear and images in which her face is clearly visible. Baucom's name and a description of what is depicted is in close proximity to each photograph.
After Baucom's case was settled for a substantial sum, the appellees began using the report as an example of their work when seeking employment with law firms preparing medical reports for use in litigation. In 1997, Baucom first learned of this use of the report by the appellees. She filed this action against them in 1999, alleging that "beginning in 1991 and continuing to the present time, the Defendants have used the report as an example of their work when seeking employment with law firms around the State of Florida and perhaps elsewhere." Her complaint alleged causes of action for unauthorized publication of name or likeness under section 540.08, Florida Statutes (1997), two counts of invasion of privacy (appropriation of name or likeness and public disclosure of private facts), injunctive relief, and intentional infliction of emotional distress. The appellees filed a motion for summary judgment alleging, inter alia, that all of Baucom's causes of action were barred by the four-year statute of limitations. The trial court agreed with the appellees, citing Putnam Berkley Group, Inc. v. Dinin, 734 So.2d 532 (Fla. 4th DCA 1999), and finding that the appellees first published the report in 1991 and Baucom did not file her complaint until 1999.[1]
Dinin does not control this case. Dinin involved a cause of action brought pursuant to section 540.08 based on the publication of a photograph in a book. It appears from the opinion that the book was published only once, i.e., it was disseminated only once. Dinin's cause of action was barred because she did not bring it within the limitations period that began to run from the date of that publication. Here, Baucom alleged multiple publications or disseminations. In other words, a new publication occurred each time the appellees presented the report to a new potential employer. Consequently, each time the appellees presented the report to a new potential employer, the applicable four-year statute of limitations began to run anew. See Musto v. Bell South Telecommunications, 748 So.2d 296 (Fla. 4th DCA 1999) (applying multiple publication rule in credit slander case and holding that statute of limitations begins to run anew upon each republication of allegedly slanderous credit report), rev. denied, 741 So.2d 637 (Fla.App. 1999). See also Epic Metals Corp. v. CONDEC, Inc., 867 F.Supp. 1009 (M.D.Fla.1994) (stating in dicta that second publication of photographs in a separate brochure is a separate *961 cause of action for invasion of privacy). This is not to say that a new cause of action accrued each time someone at each potential employer read or was shown the report. Rather, a new cause of action accrued, and the statute of limitations began to run anew, the first time the report was read or shown to someone at each new potential employer. See § 770.07, Fla. Stat. (1999) ("The cause of action for damages founded upon a single publication or exhibition or utterance ... shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state.").
Accordingly, we reverse the final summary judgment and remand with directions that counts I, II, III, and V of Baucom's complaint be reinstated.
NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] The trial court granted the appellees' motion for summary judgment on all of the counts of Baucom's complaint except that for injunctive relief. Baucom filed a voluntary dismissal of that count before the trial court entered the final summary judgment at issue in this appeal.