[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 13, 2009
THOMAS K. KAHN
CLERK

No. 09-10527
Non-Argument Calendar

_____

D. C. Docket No. 06-21770-CV-ASG

JENNIFER LEIGH MILLER,

Plaintiff-Appellant,

versus

ANHEUSER BUSCH, INC.,
a Missouri Corporation doing
business in Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jennifer Leigh Miller, appearing pro se, appeals from the district court's

grant of summary judgment in favor of Anheuser Busch, Inc. ("A-B") on her

Florida statutory claim for misappropriation of her likeness for commercial purposes. On appeal, Miller argues that the district court erred in: (1) relying on releases she signed in favor of A-B and its agents in 2000 and 2001; and (2) applying Florida's single publication rule in finding her claim time-barred. After thorough review, we affirm in part and reverse and remand in part.

As an initial matter, because Miller is appearing pro se, we liberally construe her pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). We review an order granting summary judgment de novo, viewing all of the facts in the record in the light most favorable to the non-movant. Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate where the movant demonstrates, through pleadings, interrogatories, and admissions on file, together with the affidavits, if any, that no issue of material fact exists, and they are "entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990) (quotation omitted). "A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of [her] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." Id. (quotation omitted). "All evidence and

reasonable factual inferences therefrom must be viewed against the party seeking summary judgment." Id. Speculation or conjecture from a party cannot create a genuine issue of material fact. Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005). "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004).

First, we disagree with Miller's claim that the district court erred in granting summary judgment on her misappropriation claim arising from A-B's use of Miller's likeness from 2000-2002, but agree that the district court erred with regard to A-B's use of her likeness after January 2003. "Under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64 . . . (1938), a federal court in a diversity action must apply the controlling substantive law of the state." Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1232 (11th Cir. 1983). The present dispute arises under Florida statutory law governing the misappropriation of a person's name or likeness for commercial or advertising purposes. Section 540.08 of the Florida Statutes provides:

> Unauthorized publication of name or likeness:
>
> (1) No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or

3

other likeness of any natural person without the express written or oral consent to such use given by:

(a) Such person;
. . .

(2) In the event the consent required in subsection (1) is not obtained, the person whose name, portrait, photograph, or other likeness is so used, or any person, firm, or corporation authorized by such person in writing to license the commercial use of her or his name or likeness, or, if the person whose likeness is used is deceased, any person, firm, or corporation having the right to give such consent, as provided hereinabove, may bring an action to enjoin such unauthorized publication, printing, display or other public use, and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages.

Id.

Based on the undisputed record, the district court correctly found that Miller could not recover under Fla. Stat. § 540.08 for the time periods expressly covered by the three releases she signed regarding the 2000 and 2001 photographs. Under a plain reading of the statute, Miller's express consent to the use of the photographs from January 28, 2000 to the first of January 2003, via the releases she signed, precludes her from suing A-B for its use of the photographs during that period. As noted by the district court, Miller accepted payment for A-B's use of these photographs during this time, consistent with the usage rates set forth in the

4

releases. Miller has therefore shown no disputes of fact regarding her claim based on A-B's use of her likeness from 2000-2002.

The district court erred, however, in granting summary judgment in A-B's favor on Miller's claim for damages arising from A-B's use of her likeness from and after January 2003. According to the record, at least one of her photographs was used by A-B beyond the beginning of January 2003. The record also shows that the one-year January 2002 Release signed by Miller expired in January 2003, and that no additional release was signed by her. Regardless of any prior consent Miller granted A-B, therefore, the evidence in the record indicates that A-B did not have Miller's authorization to use her likeness from and after January 2003, as required by Fla. Stat. § 520.08. However, A-B has suggested that there was no time limitation on the use of any of the photographs pursuant to the 2000 and 2001 releases, and that the one-year periods referenced in those documents were merely payment schedules for the first year following the shoots.[1] We therefore conclude that there are genuine issues of material fact regarding A-B's use of Miller's likeness from and after January 2003, and reverse the district court's merits ruling in part, and remand for further resolution consistent with this analysis.

_____

[1] This perpetuity argument appears to be contradicted by the 2002 Release, which concerns a photograph that also was previously subject to the 2000 Release.

Consequently, while we reject Miller's claim that the district court erred in applying Florida's single publication rule in finding her claim time-barred, we nonetheless conclude that the district court erred, in part, in its application of the Florida rule under the particular facts of this case. "Under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64 . . . (1938), a federal court in a diversity action must apply the controlling substantive law of the state." Cambridge, 720 F.2d at 1232. In Guaranty Trust Co. v. York, 326 U.S. 99 (1945), the Supreme Court held that state statutes of limitations are substantive laws and must be followed by federal courts in diversity actions. We therefore review the district court's ruling through application of the Florida law governing the relevant statute of limitations.

Florida Statute § 540.08 does not provide its own limitations period, so claims under the statute are governed by the four-year "catch-all" provision in Fla. Stat. § 95.11(3); see also Fla. Stat. §§ 95.11(3)(f) (four year limitations period for actions founded on a statutory liability), 95.11(3)(p) (four year limitations period for any action not specifically provided for in the statute). This limitation period begins to run on the date of the alleged unauthorized publication, not on the date such publication is discovered. Putnam Berkley Group, Inc. v. Dinin, 734 So.2d 532, 535 (Fla. 4th DCA 1999). Moreover, the statutory period can only be tolled for the reasons enumerated in Fla. Stat. § 95.051. Id. at 535-36.

Florida applies the "single publication rule" in misappropriation cases brought under Fla. Stat. § 540.08, which provides that the cause of action accrues on the date when the alleged harm first occurs, i.e., the date of the first unauthorized publication. Id.; see also Fla. Stat. § 770.05 ("No person shall have more than one choice of venue for damages for libel or slander, invasion of privacy, or any other tort founded upon any single publication, exhibition, or utterance, such as any one edition of a newspaper, book, or magazine, any one presentation to an audience, any one broadcast over radio or television, or any one exhibition of a motion picture. Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions."); Fla. Stat. § 770.07 ("The cause of action for damages founded upon a single publication or exhibition or utterance, as described in s. 770.05, shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state.").

We conclude that in granting A-B's motion for summary judgment on limitations grounds, the district court misapplied Florida's first/single publication rule as it relates to A-B's alleged unauthorized use of Miller's likeness beginning in January 2003. As discussed above, the district court correctly ruled that, as a matter of law, Miller authorized A-B to use the five photographs at issue between January 2000 and January 2003. See supra. As a result of this ruling, Miller only

7

has a possibly actionable claim under Fla. Stat. § 540.08 for the use by A-B of Miller's likeness after January 2003. See supra.

For limitations purposes, Miller's claim under the statute did not accrue until the first unauthorized use, as this is the harm the statute is intended to remedy. Fla. Stat. § 540.08 (titled "Unauthorized publication of name or likeness:"); Dinin, 734 So.2d at 535. It is undisputed that A-B had an active campaign using the 2000 photograph ("Special Moments"), which continued beyond the expiration of the 2002 Release signed by Miller. Accordingly, the first day of use by A-B after the expiration of the 2002 Release, after January 2003, is the date of first unauthorized publication -- which triggered the four-year limitation period. Because Miller's complaint was filed on July 14, 2006, her claim for damages relating to unauthorized uses beginning after January 2003 is not time-barred.

The district court's decision to apply a "first publication" date which falls within the period of authorized use, notwithstanding subsequent unauthorized use, ignores the express language of the of the misappropriation statute as well as its intended purpose. We therefore reverse the district court's statute of limitations ruling in part, and remand the case for consideration of Miller's claim for the unauthorized use(s) by A-B from and after January 2003.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**