GROSS, J.
We affirm the final summary judgment entered by the circuit court because the plaintiff filed its complaint after the limitations period had run.
On October 8, 2008, M.J.O. Holding Corporation filed a complaint against John Heller and Barbee & Associates, Inc. alleging various torts. All torts arose from the seizure of the inventory of a pawn shop owned by M.J.O. The seizure occurred on September 19, 2003. On that day, M.J.O. claimed that Heller went to the pawn shop and misrepresented himself as Kenneth Welt, a trustee appointed by the bankruptcy court. At a hearing in bankruptcy court in December, 2003, an agent of M.J.O. saw Welt in court and realized that he was not the person who had been in the pawn shop on September 19.
Four years is the applicable limitations period for the causes of action at issue. See § 95.11(3), Fla. Stat. (2003). M.J.O. contends that the running of the statute of limitations was tolled by Heller’s misrepresentation of himself as Welt on September 19, 2003. Section 95.051(l)(b), Florida Statutes (2003), provides that the “running of the time under any statute of limitations ... is tolled by,” the “[u]se by the person to be sued of a false name that is unknown to the person entitled to sue so that process cannot be served on the person to be sued.”
Under the undisputed facts of this case, if Heller misidentified himself in September, 2003, the statute of limitations was tolled only until December, 2003, when M.J.O. learned that the misrepresentation occurred. The phrase “that is unknown to the person entitled to sue” modifies the word “use” in section 95.051(l)(b). Thus, it is the use of the false name that tolls the limitations period; the plaintiffs discovery that a false name has been used causes the limitations clock to start ticking again. Discovery of the imposter’s actual identity is not a material event under the statute. See Putnam Berkley Group, Inc. v. Dinin, 734 So.2d 532 (Fla. 4th DCA 1999) (recognizing that a tortfeasor’s fraudulent concealment of his identity will not toll the statute of limitations under section 95.051). Assuming that Heller used a false name at the pawnshop, M.J.O. discovered that Heller did so in December 2003. The limitations period began to run in December, 2003 and ended in December, 2007. *866 M.J.O. did not file its suit until October 2008, after the limitations period had expired.
Affirmed.
HAZOURI and CONNER, JJ., concur.