922 So.2d 983 (2005)
Elliott GOLDBERG, Appellant,
v.
STATE FARM AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellee.
No. 4D05-367.
District Court of Appeal of Florida, Fourth District.
March 22, 2005.
Jamie L. Rainer of Kogan & DiSalvo, P.A., Boca Raton, for appellant.
Troy R. Lotane and Brett A. Hyde of Vance, Lotane & Bookhardt, P.A., Cocoa, for appellee.
WARNER, J.
Elliott Goldberg timely appeals a final judgment in favor of State Farm Automobile Mutual Insurance Company arising out of a subrogation claim for bodily *984 injury damages. Because State Farm failed to prove that the entire claim for personal injuries was satisfied, and did not obtain a release of Goldberg from the injured party, it was not entitled to subrogation. We therefore reverse.
Goldberg was involved in an accident with State Farm's insured, Justin Keyser. As a result of the accident, Goldberg's passenger, Louis Yeager, was injured. State Farm paid Yeager $10,000 and obtained a release of Keyser but not Goldberg. It then sued Goldberg for the $10,000 it had paid to Yeager.
At trial, State Farm asserted a subrogation claim against Goldberg.[1] The trial consisted of witnesses who were called to establish Goldberg's sole negligence in causing the accident, an intersectional collision involving the question of who had the green light. State Farm's adjuster also testified that Yeager had made a demand on Keyser's policy, and the company decided to pay to get a release of Keyser. No evidence was presented regarding Yeager's injuries and the amount of his damages. After hearing the evidence, the court ruled that State Farm and Keyser were entitled to subrogation against Goldberg, and the court entered judgment accordingly.
The issue presented in this case is whether the payment by State Farm to Yeager entitles State Farm to subrogation from Goldberg.
To state a cause of action for equitable subrogation, the allegations of the complaint must demonstrate that: "(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party."
Pac. Ins. Co., Ltd. v. Botelho, 891 So.2d 587, 590 (Fla. 3d DCA 2004) (quoting Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 646 (Fla.1999)). The doctrine of subrogation in tort cases is limited "to situations where the party seeking subrogation has obtained a release for the other party responsible for the debt." Welch v. Complete Care Corp., 818 So.2d 645, 648 (Fla. 2d DCA 2002).
Here, State Farm did not prove that it paid all of Yeager's damages or that it obtained a release of Goldberg for Yeager's damages. Therefore, having failed to establish two of the elements required to prove subrogation, the court erred in awarding a judgment for the $10,000 that State Farm paid to Yeager.
Reversed.
MAY, J., and SWEET, GARY L., Associate Judge, concur.
NOTES
[1] State Farm actually pled a claim for contribution for Yeager's damages. However, at trial the court determined that there was no claim for contribution, but permitted State Farm to proceed on the claim as a subrogation claim.