939 So.2d 143 (2006)
G. KENT FULLER, Appellant,
v.
DURA-STRESS UNDERGROUND, INC., et al., Appellees.
Case No. 5D06-613.
District Court of Appeal of Florida, Fifth District.
Opinion filed September 15, 2006.
Donald E. Christopher and Christine M. Ho, of Litchford & Christopher, Orlando, and Phillip S. Smith of McLin-Burnsed, P.A., Leesburg, for Appellant.
Michael R. Riemenschneider and William H. Cantwell, II of O'Brien, Riemenschneider, Wattwood & Cantwell, P.A., Melbourne, for Appellee.
EVANDER, J.
Kent Fuller, the plaintiff below, appeals the trial court's order granting the defendants' motion to dismiss or, in the alternative, to transfer action to Brevard County. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(A).
Fuller initiated this action in Lake County. He subsequently filed a four-count amended complaint in Lake County against four individuals and a corporation. In his amended complaint, Fuller alleged he was a shareholder in defendant, Dura-Stress Underground, Inc. (Dura-Stress). He further alleged the four individual defendants were the other shareholders in Dura-Stress. According to Fuller, the individual defendants had wrongly accused him of breaching his fiduciary duty to Dura-Stress and had taken the position that Fuller was obligated to sell his shares back to Dura-Stress. Count I of the amended complaint sought injunctive relief against all the defendants. Count II was an action for production of corporate records against only Dura-Stress. Count III was an action for libel against the four individual defendants. Count IV was an action for declaratory relief against the four individual defendants. All four counts arose from a common nucleus of facts.
The trial court found that the venue provision set forth in the parties' shareholders' agreement required him to transfer Count IV to Brevard County. The trial court further found that to avoid piecemeal litigation and possible inconsistent results, the first three counts should also be transferred to Brevard County. We affirm.
At the hearing below, both sides relied on affidavits. No other evidence was presented. As to Count IV, our review is de novo because the trial court's decision was based on a contractual interpretation. Regal Kitchens, Inc. v. O'Connor & Taylor Condo. Constr., Inc., 894 So. 2d 288, 290 (Fla. 3d DCA 2005). In Count IV, Fuller alleged that the individual defendants were contending they were entitled to exercise a forced buy out of Fuller's shares because of Fuller's alleged breach of fiduciary duty to Dura-Stress. Fuller sought a declaration from the court that he had not breached his fiduciary duty to Dura-Stress, and accordingly, was not obligated to sell his shares.
In support of their motion to dismiss, or in the alternative, to transfer action to Brevard County, defendants filed the affidavit of David Smith. Smith is one of the four individual defendants. In his affidavit, Smith avers that plaintiff and the four individual defendants all executed a shareholder's agreement. A copy of the agreement was attached to Smith's affidavit. The shareholders' agreement provided for a forced buy-out of any shareholder who had breached his fiduciary duty to Dura-Stress. The agreement further provided the method by which the sales price would be calculated. The shareholders' agreement also included the following venue provision:
This Agreement shall be governed and construed in accordance with the laws of the State of Florida, and venue for its enforcement shall be in Brevard County, Florida. (emphasis added)
In his two counteraffidavits, Fuller did not dispute the existence of the shareholders' agreement. Nor did Fuller deny that he had signed the agreement. However, Fuller argues that the venue provision is not controlling because Count IV is an action for declaratory relief, not for enforcement of the shareholders' agreement. We reject Fuller's argument. A claim for declaratory relief does not itself constitute a cause of action for venue purposes. Instead, the court must examine the underlying relief sought. Symbol Mattress of Fla., Inc. v. Royal Sleep Products, Inc., 832 So. 2d 233, 236 (Fla. 5th DCA 2002). In this case, Fuller is, for all practical purposes, seeking to enforce the agreement. In effect, Fuller is requesting the court declare that, pursuant to the terms of the agreement, the individual defendants have no right to require Fuller to sell his shares back to Dura-Stress. Accordingly, the venue provision is controlling. The trial court properly found that Count IV was required to be litigated in Brevard County. Greenstreet Management, Inc. v. Barker, 833 So. 2d 183 (Fla. 5th DCA 2002).
Having properly determined that Count IV was to be heard in Brevard County, the trial court had the discretion to also transfer the first three counts to Brevard County. Prof'l Planning Serv., Inc. v. Sunshine Staff Leasing, Inc., 695 So. 2d 883 (Fla. 5th DCA 1997). We find the trial court did not abuse its discretion in also transferring these counts.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.