# Third District Court of Appeal

## State of Florida

Opinion filed November 4, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1346
Lower Tribunal No. 14-24 K
_____


**Nationstar Mortgage, LLC,**
Appellant,

vs.

**Robert Sunderman, et al.,**
Appellees.


An Appeal from the Circuit Court for Monroe County, David J. Audlin, Jr., Judge.

Akerman LLP and Nancy M. Wallace (Tallahassee), William P. Heller (Fort Lauderdale), and Eric S. Matthew; Ronald R. Wolfe & Associates, P.L., and William A. Malone (Tampa), for appellant.

John Marston, for appellees.


Before LAGOA, EMAS, and FERNANDEZ, JJ.

LAGOA, J.

Nationstar Mortgage, LLC ("Nationstar"), appeals from the trial court's order dismissing with prejudice its foreclosure action against Robert and Heather Sunderman ("Sunderman") and the subsequent order denying its motion for rehearing. In dismissing the action, the trial court found that the action was barred by the statute of limitations for a foreclosure action set forth in section 95.11(2)(c), Florida Statutes (2014). Because the trial court considered facts outside the four corners of the complaint in ruling on Sunderman's motion to dismiss, we reverse.

I.    FACTUAL AND PROCEDURAL HISTORY

On January 7, 2014, Nationstar filed its complaint, alleging a default in the payment due for May 1, 2008, and all subsequent payments. Nationstar declared the full amount payable under the note and mortgage to be due and payable. The complaint does not reference two prior complaints for foreclosure brought against Sunderman: a first foreclosure,[1] filed on May 29, 2008, and dismissed by the same trial court judge without prejudice on December 4, 2008; and a second foreclosure, filed on October 30, 2009, and dismissed for failure to prosecute in 2011.

On March 17, 2014, Sunderman filed a motion to dismiss, which argued that Nationstar's complaint was time-barred by the five-year statute of limitations set forth in section 95.11(2)(c), Florida Statutes, because it was filed more than five years after the filing of the first foreclosure. The motion relied upon the first and

_____

[1] The first foreclosure was filed by Aurora Loan Services, LLC. Nationstar is the successor loan servicer and current noteholder.

second foreclosures, and attached the complaint from the first foreclosure and the orders of dismissal entered in each of the prior cases.

On April 9, 2014, the trial court entered an order dismissing Nationstar's complaint with prejudice. The trial court found that Nationstar's action was brought over five years after the first foreclosure complaint was filed on the same note and mortgage, and that the action was therefore barred by the statute of limitations. In denying Nationstar's motion for rehearing, the trial court found that "it is clear on the record of this case that the action is barred by the statute of limitations."

## II.    ANALYSIS

On appeal, a trial court's order granting a motion to dismiss is reviewed *de novo*. See Grove Isle Ass'n, Inc. v. Grove Isle Assoc., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014). Moreover, "[a] legal issue surrounding a statute of limitations question is an issue of law subject to de novo review." Fox v. Madsen, 12 So. 3d 1261, 1262 (Fla. 4th DCA 2009) (quoting Hamilton v. Tanner, 962 So. 2d 997, 1000 (Fla. 2d DCA 2007)). A motion to dismiss tests the legal sufficiency of complaint. Grove Isle Ass'n, Inc., 137 So. 3d at 1089.

In determining the merits of a motion to dismiss, the trial court must limit itself to the four corners of the complaint. Id.; see also Minor v. Brunetti, 43 So.

3

3d 178, 179 (Fla. 3d DCA 2010); Pacific Ins. Co. v. Botelho, 891 So. 2d 587, 590 (Fla. 3d DCA 2004).

Nationstar argues that the trial court erred in granting Sunderman's motion to dismiss because: (1) it was improper for Sunderman to raise a statute of limitations defense in a motion to dismiss; and (2) the statute of limitations defense relied on facts not found within the four corners of the complaint. We will address each argument separately.

With respect to Nationstar's first argument, the law is clear that a party can raise a statute of limitations defense in a motion to dismiss if that defense appears on the face of the complaint. See Gen. Motors Acceptance Corp. v. Thornberry, 629 So. 2d 292, 293 (Fla. 3d DCA 1993) ("Where, as here, the statute of limitations defense appears on the face of the complaint, it is permissible to assert the statute of limitations defense by motion to dismiss."); accord Forbes v. Lehner, 151 So. 3d 31 (Fla. 3d DCA 2014); Pacific Ins. Co., 891 So. 2d at 587; Alexander v. Suncoast Builders, Inc., 837 So. 2d 1056 (Fla. 3d DCA 2002).[2] The complaint in this action, however, makes no reference to the prior foreclosure actions, and therefore it is impossible to tell from the face of the complaint whether the statute of limitations bars the present foreclosure action as a matter of law. For that

---

[2] See also Fla. R. Civ. P. 1.110(d) ("Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b) . . . .").

4

reason, a motion to dismiss was not the proper procedural vehicle to raise the statute of limitations in this case.

We agree, however, with Nationstar's second argument that the statute of limitations defense relied on was not found within the four corners of the complaint. Although Sunderman attached the complaint from the first foreclosure and the prior two dismissals to his motion to dismiss, the trial court judge erred in considering these attachments in ruling on the motion to dismiss. In ruling on a motion to dismiss, the trial court is confined to the facts alleged within the four corners of the complaint. It is irrelevant that the same trial judge had entered one of the orders attached to the motion to dismiss. As such, we find that the trial court erred in resolving Sunderman's statute of limitations defense at the motion to dismiss stage given the four corners of the existing complaint.

III. CONCLUSION

Because the trial court improperly considered facts outside the four corners of the complaint when granting Sunderman's motion to dismiss, we reverse the trial court's order dismissing Nationstar's complaint with prejudice.[3]

REVERSED AND REMANDED.

---

[3] We express no opinion as to the merits of this or any other defense in the case that may be raised by Sunderman on remand.