IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SUBIC BAY MARINE EXPLORATORIUM,
INC.,

      Appellant,

 v.                                                                           Case No. 5D17-4030

JV CHINA, INC.,

      Appellee.

_____/

Opinion filed October 19, 2018

Appeal from the Circuit Court
for Orange County,
Julie H. O'Kane, Judge.

Stephen D. Milbrath, of Byrd Campbell,
P.A., Winter Park, for Appellant.

David C. Gibbs III, of Gibbs Law Firm, P.A.,
Bartonville, Texas, for Appellee.


ORFINGER, J.

      Subic Bay Marine Exploratorium, Inc. ("SBMEI") appeals the dismissal of its amended complaint. It argues that the trial court erred in ruling that it lacked personal jurisdiction over JV China, Inc. ("JV China"). SBMEI contends that by being a domestic Florida corporation, JV China is subject to the general jurisdiction of Florida courts. We agree and reverse.

JV China is a Florida corporation. It was incorporated in Florida in 1996, and has remained an active Florida corporation ever since. Though JV China is a Florida corporation, it maintains its principal place of business in California and conducts much of its business overseas.

The present dispute arises out of a stock subscription agreement, under which JV China agreed to purchase one million shares of SBMEI stock. After JV China allegedly failed to pay the balance owed for the shares, SBMEI filed this action. In turn, JV China moved to dismiss SBMEI's amended complaint, contending the trial court lacked personal jurisdiction over it. The trial court agreed and dismissed SBMEI's amended complaint for lack of personal jurisdiction, concluding that SBMEI "failed to establish that JV China was subject to jurisdiction under Florida's long-arm statute."[1]

SBMEI argues that the trial court erred in dismissing its amended complaint because as a domestic Florida corporation, JV China is subject to the jurisdiction of Florida's courts. Personal jurisdiction denotes a court's ability to exercise jurisdiction over a defendant, whether it is an individual or a corporate entity. Borden v. E.-European Ins. Co., 921 So. 2d 587, 591 (Fla. 2006). The primary focus of a court's personal jurisdiction inquiry is the defendant's relationship to the forum state. Bristol-Myers Squibb v. Super. Ct. of Cal., San Francisco Cty., 137 S. Ct. 1773, 1779 (2017). General jurisdiction over a defendant, meaning that a defendant can be required to answer any claim that arose anywhere in the world, requires that the defendant be "essentially at home" in the forum state. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 594 U.S. 915, 919 (2011).

---

[1] We review a trial court's order granting a motion to dismiss for lack of personal jurisdiction de novo. Singer v. Unibilt Dev. Co., 43 So. 3d 784, 786 (Fla. 5th DCA 2010).

For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. Id. at 924.

Florida residents are subject to the general jurisdiction of Florida courts. Patten v. Mokher, 184 So. 29, 30 (Fla. 1938). Under Florida law, corporations are residents of their state of incorporation. Fowler v. Chillingworth, 113 So. 667, 669 (Fla. 1927); see, e.g., Gay v. Bessemer Props., 32 So. 2d 587, 591 (Fla. 1947) (holding plaintiff was resident of Delaware, where it was incorporated). Consequently, corporations incorporated under Florida law are Florida residents, subject to the general jurisdiction of Florida's courts. See 18 Am. Jur. 2d Corporations § 67 (2018) (indicating for personal jurisdiction purposes, corporation is citizen of state where it was created).

Here, the trial court did not consider JV China's Florida residency. Instead, it applied section 48.193, Florida Statutes (2016), Florida's long-arm statute, which establishes when Florida courts may exercise jurisdiction over non-Florida residents. See Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 500 (Fla. 1989) (recognizing that long-arm jurisdiction statute sets forth legislature's determination as to "requisite basis for obtaining jurisdiction over *nonresident* defendants as far as Florida is concerned") (emphasis added). Such an analysis is unnecessary when dealing with a domestic corporation.

3

For these reasons, we conclude the trial court erred in determining that it lacked personal jurisdiction over JV China, as it is a Florida corporation. Thus, we reverse the trial court's dismissal of SBMEI's amended complaint.[2]

REVERSED and REMANDED.

TORPY and LAMBERT, JJ., concur.

---

[2] JV China also argues that the individual who filed the complaint on behalf of SBMEI lacked authority to act for the corporation. The trial court did not rule on this issue. Therefore, we do not consider this argument on appeal. However, we note that generally, lack of authority must be asserted as an affirmative defense unless apparent on the face of the complaint. See Patriotcom, Inc. v. Vega, 821 So. 2d 1261, 1261 (Fla. 4th DCA 2002).