# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1457
Lower Tribunal No. 11-1314
_____

**Ada Turkish Trask 2005 Trust Number One, etc.,**
Appellant,

vs.

**Ellen Turkish, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Law Offices of Mendez & Mendez, P.A., and Sergio L. Mendez, Daniel J. Mendez and Lorena Friger, for appellant.

Payton & Associates, LLC, and Harry A. Payton and Susan M. Mohorcic, for appellee Ellen Turkish.

Before EMAS, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Appellant,[1] a Judgment Creditor, appeals from the dismissal of proceedings supplementary in aid of execution as time barred. Because it is not apparent from the four corners of the Judgment Creditor's Complaint when the alleged fraudulent transfer occurred, we reverse and remand for further proceedings.

In March 2017, the Judgment Creditor obtained a Final Judgment against Arthur Turkish. In April 2021, the Judgment Creditor filed a Complaint for proceedings supplementary against Ellen Turkish, Mr. Turkish's wife. The Complaint alleges that Mr. Turkish intentionally transferred $250,000 to Mrs. Turkish to avoid payment of the March 2017 Final Judgment in violation of the Uniform Fraudulent Transfers Act, chapter 726, Florida Statutes.

Mrs. Turkish moved to dismiss, arguing that the Judgment Creditor's claims are extinguished by section 726.110, which contains certain time limits for bringing a fraudulent transfer action.[2] The trial court agreed and dismissed. The Judgment Creditor timely appealed.

---

[1] Ada Turkish Trask 2005 Trust Number One u/d/a January 27, 2005, Paul M. Cowan, successor trustee.

[2] The time limits set forth in section 726.110 apply to proceedings supplementary. See § 56.29(9), Fla. Stat. (2021) ("Claims under chapter 726 brought under this section shall be initiated by a supplemental complaint and served as provided by the rules of civil procedure, and the claims under

2

The issue of whether a claim is time barred is a question of law subject to de novo review.  <u>Nationstar Mortg., LLC v. Sunderman</u>, 201 So. 3d 139, 140 (Fla. 3d DCA 2015).  Moreover, we review the trial court's order granting Ms. Turkish's motion to dismiss de novo, and we limit our review to the four corners of the Complaint.  <u>See</u> <u>id.</u>

Section 726.110, Florida Statutes (2021), sets forth the following relevant time limits for causes of action brought pursuant to the Uniform Fraudulent Transfers Act:[3]

> A cause of action with respect to a fraudulent transfer or obligation under ss. 726.101-726.112 is extinguished unless action is brought:
>
> (1)  Under s. 726.105(1)(a), within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant;
>
> (2)  Under s. 726.105(1)(b) or s. 726.106(1), within 4 years after the transfer was made or the obligation was incurred . . . .

---

the supplemental complaint are subject to chapter 726 and the rules of civil procedure.").

[3] The Judgment Creditor's cause of action appears to be brought under section 726.105(1)(a) because it alleges the transfer was intentionally made to defraud.  <u>See</u> § 726.10(1)("A transfer made . . . by a debtor is fraudulent . . . if the debtor made the transfer . . . (a)  With actual intent to hinder, delay, or defraud any creditor of the debtor . . . .").  However, the result here is the same if the time limit in section 726.110(2) applies.

Here, the cause of action is based on an alleged fraudulent transfer.[4] Consequently, the Judgment Creditor was required to bring its cause of action within four years after the transfer was made.[5] Mrs. Turkish alleges the fraudulent transfer took place in 2011.[6] However, this is not apparent from the Complaint, which contains no allegations as to when the fraudulent transfer occurred. We therefore reverse the dismissal and remand for further proceedings.

Reversed and remanded.

---

[4] The Uniform Fraudulent Transfer Act permits causes of action for fraudulent transfers and fraudulently incurred obligations. There are no allegations in the Complaint that an obligation was fraudulently incurred.

[5] It is undisputed that the Judgment Creditor discovered the transfer in March 2019. We reject Mrs. Turkish's argument that the action must have been brought within one year of discovery of the transfer, regardless of when the transfer was made. Under the plain language of the statute, the one-year savings clause only applies "if later" than four years after the transfer was made. See § 726.110(1), Fla. Stat. (2021).

[6] In a footnote in her motion to dismiss the Complaint, Mrs. Turkish alleges "[t]he purportedly fraudulent transfer actually took place in 2011."