# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2788
Lower Tribunal No. 2020CA-000231

_____

KENNETH MARCANTONIO,

Appellant,

v.

CAROL MARCANTONIO SANSONE, individually and as Successor Trustee for the JOSEPH AND MARY MARCANTONIO FAMILY TRUST, WILLIAM SANSONE, ANDREAS STRECKER, as Personal Representative of the ESTATE OF JANET MARCANTONIO,

Appellees.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Polk County.
James A. Yancey, Judge.

September 30, 2024

STARGEL, J.

Kenneth Marcantonio ("Appellant") appeals the trial court's disposition of numerous claims in his lawsuit against Carol Marcantonio Sansone; William Sansone; and Andreas Strecker, as personal representative of the estate of Janet Marcantonio ("Appellees"). The Amended Complaint alleges that Appellees engaged in a years-long conspiracy to deprive Appellant of his rightful share of his parents' trust estate. The trial court: (i) dismissed with prejudice counts one through nine as improper claims for declaratory relief; (ii) dismissed with prejudice counts

ten through thirteen and sixteen through twenty as barred by the applicable statute of limitations; and (iii) entered final summary judgment in favor of Appellees on counts fourteen and fifteen. Because we conclude that several of the counts dismissed on statute-of-limitations grounds were not untimely on the face of the Amended Complaint, we reverse in part.

Appellant filed the underlying action on January 28, 2020. Upon Appellees' motion, the trial court dismissed counts ten through thirteen, sixteen, seventeen, nineteen, and twenty based on a four-year statute of limitations under section 95.11(3), Florida Statutes (2015). The trial court also dismissed count eighteen based on the two-year statute of limitations for defamation claims under section 95.11(4).[1] Appellant does not contest the dismissal of count eighteen and concedes that it was untimely. However, Appellant argues that the trial court erred by dismissing the other counts based on a finding that those claims were filed after the expiration of the applicable statute of limitations.

A trial court's order granting a motion to dismiss is reviewed de novo. *Nationstar Mortg., LLC v. Sunderman*, 201 So. 3d 139, 140 (Fla. 3d DCA 2015). Legal issues surrounding the statute of limitations are likewise reviewed de novo. *Id.* (citing *Fox v. Madsen*, 12 So. 3d 1261, 1262 (Fla. 4th DCA 2009)). "In determining the merits of a motion to dismiss, the trial court must limit itself to the

---

[1] This provision is contained in subsection (5) in the current version of the statute. § 95.11(5), Fla. Stat. (2024).

four corners of the complaint." *Id.* (citing *Grove Isle Ass'n v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2015)). Although the statute of limitations should generally be raised as an affirmative defense, *Ambrose v. Cath. Soc. Servs., Inc.*, 736 So. 2d 146, 149 (Fla. 5th DCA 1999), "the law is clear that a party can raise a statute of limitations defense in a motion to dismiss if that defense appears on the face of the complaint," *Nationstar Mortg.*, 201 So. 3d at 140.

"A statute of limitations 'runs from the time the cause of action accrues' which, in turn, is generally determined by the date 'when the last element constituting the cause of action occurs.'" *Hearndon v. Graham*, 767 So. 2d 1179, 1184–85 (Fla. 2000) (quoting § 95.031, Fla. Stat. (1987)). Here, a review of the Amended Complaint reveals that several of the dismissed counts were based on conduct alleged to have occurred after January 28, 2016, the cut-off date under the applicable four-year statute of limitations based on the filing date. Counts twelve and thirteen are based on the allegedly fraudulent sale of a residence in Boynton Beach in October 2016 which Appellant claims his parents intended to gift to him. Counts sixteen and seventeen involve a range of allegations over several years, including the procurement of an amendment to Appellant's parents' trust in February 2016 and the alleged conversion of Appellant's personal property at the Boynton Beach residence in March 2016. Counts nineteen and twenty focus on Appellees' alleged isolation and mistreatment of Appellant's mother beginning in 2015 and stretching into 2018. Count nineteen also alleges that Appellant was not informed

3

of his mother's passing and that Appellees have not disclosed the whereabouts of his parents' remains following their deaths in 2018. The last element of each of these claims, as pleaded, could not have occurred more than four years before the filing of the underlying action.

In short, limiting our review to the four corners of the Amended Complaint as we must when considering a motion to dismiss, it was not apparent that counts twelve, thirteen, sixteen, seventeen, nineteen, and twenty were untimely on the face of the Amended Complaint. Therefore, we reverse the dismissal order as to those counts and remand the case to the trial court for further proceedings.[2] As to each remaining count, we affirm the trial court's disposition without comment.

AFFIRMED in part; REVERSED in part; and REMANDED.

WHITE and MIZE, JJ., concur.

Kenneth Marcantonio, Lake Alfred, pro se.

Joshua M. Sachs, of Henderson Sachs, P.A., Orlando, for Appellees, Carol Marcantonio Sansone, individually and as Successor Trustee for the Joseph and Mary Marcantonio Family Trust and William Sansone.

Todd M. Hoepker, of Todd M. Hoepker, P.A., Orlando, for Appellee, Andreas Strecker, as Personal Representative of the Estate of Janet Marcantonio.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED

---

[2] Although we recognize that the Amended Complaint was hardly a model of precision pleading, we express no opinion as to any other arguments for dismissal raised by Appellees that were not addressed in the trial court's dismissal order.

4